# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**LORINDA MEIER YOUNGCOURT**
Lawrence County Public Defender
Bedford, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Oct 31 2012, 9:31 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

LARRY MICHAEL CARAWAY,               )
                                     )
    Appellant-Defendant,             )
                                     )
        vs.                      )    No. 47A04-1205-CR-265
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Plaintiff.              )

APPEAL FROM THE LAWRENCE CIRCUIT COURT
The Honorable Andrea K. McCord, Judge
Cause No. 47C01-0910-MR-620

**October 31, 2012**

**OPINION – FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Larry Michael Caraway appeals his sentence for murder, a felony, following an open guilty plea. Caraway asks that we review and revise his sentence taking into consideration his remorse, guilty plea, and history of alcoholism. He presents a single issue for review: whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts underlying Caraway's conviction are set out in his first appeal of his sentence:

> On October 7, 2009, Caraway shot Denise Caraway, his wife of almost twenty-six years, seven times resulting in her death in their home in Lawrence County, Indiana. That day, Caraway had been drinking "very heavily," having consumed "15-18 beers" by about 4:00 pm, then drinking "a few beers and some Ja[e]germeister at another bar, then drinking "a couple of beers when [he] got home." Appellant's Appendix at 58. Caraway also "ate 4 Valiums at 4:10 pm" on the day he killed Denise. Id.
>
> On October 9, 2009, Caraway was charged with Count I, murder; and Count II, altering the scene of death[,] as a class D felony. On April 6, 2010, Caraway and the State filed a plea agreement in which the State agreed to dismiss Count II in exchange for his guilty plea. After a number of continuances, on February 11, 2011, the trial court took Caraway's guilty plea, and in doing so instructed him that the sentencing range for murder is forty-five to sixty-five years, with fifty-five years being the advisory sentence and forty-five years being a non-suspendible minimum.
>
> On March 8, 2011, the court held a sentencing hearing and identified Caraway's criminal history consisting mainly of alcohol-related incidents as an aggravating circumstance because it considered his drinking on the night of the incident to have "aggravated the whole evening" and that it "was probably part of the main reason this occurred," and therefore it directly related to this crime. Transcript at 26. The court also identified Caraway's position of trust with his wife and the nature and circumstances of the crime, in which Denise was shot "several times in the stomach, once in the face, and once . . . in the arm," at close range by a person "she loved

2

behind the weapon," which the court found "very disturbing," as aggravators. Id. at 28. The court found as a mitigator that Caraway showed some remorse, found that the aggravators clearly outweighed the mitigators, and sentenced him to sixty-five years in the Department of Correction.

Caraway v. State, 959 N.E.2d 847, 849 (Ind. Ct. App. 2011), trans. denied ("Caraway I").

Caraway appealed his sentence, arguing that it was inappropriate under Appellate Rule 7(B). On appeal we reversed and remanded, holding that the trial court had abused its discretion when it had not acknowledged his guilty plea as a mitigator. Id. at 854.

On remand, the trial court resentenced Caraway, again ordering that he serve sixty-five years in the Department of Correction. The trial court's order provides in relevant part:

> The court adopts all of its prior aggravating and mitigating circumstances from the previous sentencing hearing, along with the sentencing statement it made orally on the record. The court further adds and acknowledges the mitigating circumstance that the defendant did enter a plea of guilty in this matter. The court[,] however, gives little weight to this mitigating factor for the following reasons:
>
> 1.)    The defendant did receive some benefit from this plea by having the class D felony altering the scene of a death dismissed[. A]lthough not highly substantial, it is a felony and to be taken [into] account when considering the totality of this mitigating factor.
>
> 2.)    The plea agreement was signed on April 6th, 2010[,] however the actual plea of guilty was not entered into until February 11, 2011. The record shows that the court had originally set this matter for change of plea on May 17th, 2010. It was then continued by the defendant to June 22, 2010. This matter was then reset for trial as a number one setting on November 9, 2010[,] which was continued by the defendant. Again reset for trial as a number one setting on February 15, 2011[,] as a number one setting [sic] and again continued by the defendant. The court then reset the matter for jury trial on March 7th, 2011[,] as a number one setting with a hearing set on all final motions on March 1[,] 2011. The judge was informed, while out of town, that the defendant had decided to follow through with the plea agreement he had entered into on April 6, 2010. The

3

court arranged for Judge Sleva to act as pro tem and accept the plea on February 11, 2011[,] in order to ensure the hearing took place. Any prior observation that the plea agreement was filed six months after the crime was committed, and that the defendant did not plead on the eve of trial, although somewhat true, is not an accurate reflection of the record and the lengthy process, number of continuances and number of other matters that were moved in order to deal with this case that was set as a number one trial on three different occasions.

3.)    I also reference Wells v. State, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005)[, trans. denied,] holding that a guilty plea does not rise to the level of a significant mitigat[or] where the evidence against the defendant is such that the decision to plead guilty is merely a pragmatic one. Here the defendant admitted that he shot his unarmed wife multiple times in the face and abdomen killing her. They were alone in the home. The wounds were not self[-]inflicted.

Therefore, the court finds there is additional mitigation to the defendant's sentence in that he did enter a plea of guilty, but does not give it significant weight. Further, the court's original finding that the aggravators outweigh the mitigators still remains and the court finds it[s] original sentence on the charge of murder to 65 years in the Indiana Department of Correction is still appropriate.

Appellant's Brief at 10-11.[1] Caraway now appeals.

## DISCUSSION AND DECISION

Caraway argues that his sixty-five-year sentence is inappropriate and seeks a revision to the advisory sentence of fifty-five years. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the

---

[1] Caraway correctly included a copy of the order appealed in his Appellant's Brief pursuant to Appellate Rule 46(A)(10). However, Caraway should have also included a copy of the appealed order or judgment in the Appellant's Appendix pursuant to Appellate Rule 50(2)(b).

4

appellant to demonstrate that his sentence is inappropriate in light of the nature of his offense and his character. See Ind. Appellate Rule 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

Moreover, "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

We first consider whether Caraway's sentence is inappropriate in light of the nature of the offense. The State contends that Caraway waived any argument that the nature of the offense warrants revision of his sentence because he made no specific argument to that effect. However, Caraway acknowledges in his brief that he shot his wife several times, causing her death and afterward tried to cover it up. We reject the State's waiver argument.

5

That said, Caraway has not shown that his sentence is an outlier given the nature of the offense. After drinking all day and ingesting Valium, Caraway was home alone with his wife of twenty-six years when they began to argue about an unpaid utility bill. During the argument, Caraway shot his wife several times in the abdomen, once in the face, and once in the arm, continuing to shoot her even after she had collapsed from the initial shots. His wife died as a result of her wounds. And after the shooting he put the gun in his wife's hand to make it look like the wounds were self-inflicted. Caraway's sixty-five-year sentence is not inappropriate in light of the nature of the offense.

Caraway also contends that his sentence is inappropriate in light of his character. In particular, he contends that his remorse, his guilty plea, and his addiction to alcohol require review and revision of his sentence. We cannot agree. At sentencing the trial court acknowledged Caraway's remorse and his longstanding problem with alcohol. The court assigned aggravating weight to the drinking, noting it was the basis for much of his criminal history, including the murder of his wife. The trial court also observed that, despite a history of thirty years of drinking and offenses dating back to 1980, there was no evidence that Caraway had ever sought treatment.

On remand the trial court acknowledged Caraway's guilty plea. But the court found the weight of the guilty plea to be diminished by three factors. First, while Caraway had signed the plea agreement in April 2010, his actual guilty plea was not entered for another ten months, in February 2011. Caraway's failure to enter his guilty plea and his multiple requests for continuances required several first choice trial settings and significantly delayed the actual entry of his plea. Also, the decision to plead guilty

6

was likely a pragmatic one, given the weight of the evidence against Caraway. See <u>Wells v. State</u>, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), <u>trans. denied</u>. And finally, Caraway received a small benefit from his guilty plea when the State dismissed the charge of altering the scene of a death, a Class D felony.

After acknowledging the guilty plea on remand and assigning it little weight, the trial court again found that the aggravators, namely Caraway's drunken state at the time of the offense and that he was in a position of trust, outweighed the mitigators and sentenced him to sixty-five years. We agree. Caraway has not shown that his sentence is an outlier given the nature of the offense or his character. As such, we affirm his sentence.

Affirmed.

KIRSCH, J., and MAY, J., concur.