## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 13 2018, 6:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

G. Allen Lidy
Lidy Law, PC
Mooresville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney
General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeremiah I. Moore,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 13, 2018<br><br>Court of Appeals Case No.<br>55A04-1708-CR-1984<br><br>Appeal from the Morgan Superior Court<br><br>The Honorable Peter R. Foley, Judge<br><br>Trial Court Cause No.<br>55D01-1509-F2-1384 |

**Mathias, Judge.**

[1]  Jeremiah Moore ("Moore") pleaded guilty to Level 4 felony possession of a narcotic drug in excess of 10 grams in Morgan Superior Court. Sentencing was

left to the discretion of the trial court, and Moore received a six-year sentence, with three years executed in the Department of Correction ("DOC"), one year of home detention, and two years suspended to probation. Moore now appeals and argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] On September 28, 2015, a state trooper and a confidential informant ("CI") arranged to purchase 20 grams of heroin in Morgan County, Indiana. At the controlled buy, the CI identified the vehicle and the target, and two state troopers stopped the vehicle. An individual, later identified as Moore, exited the passenger door and made movements to indicate he was going to run. Moore was blocked in, and a trooper on scene watched as Moore placed a bag in his mouth and attempted to swallow it. An officer on site was able to tackle Moore and retrieve the item from his mouth, which was later identified as 27 grams of heroin. Inside the vehicle, a state trooper removed a loaded semi-automatic handgun which Moore later indicated was his.

[4] Moore was charged with Level 2 felony dealing in a narcotic drug in excess of 10 grams, Level 3 felony dealing in a narcotic drug with a firearm, Level 3 felony possession of a narcotic drug in excess of 10 grams with a firearm, and Level 6 felony maintaining a common nuisance.

[5] On January 19, 2017, Moore entered into an open plea agreement in which he pleaded guilty to the Level 4 felony possession of a narcotic drug in excess of 10 grams, and the State dismissed the remaining charges. Sentencing was left to the discretion of the trial court. Moore pleaded guilty pursuant to the plea agreement at his June 26 guilty plea hearing, and the trial court took the plea under advisement and ordered a presentence investigation.

[6] Moore's sentencing hearing was held on August 7 in which the trial court accepted the plea agreement and dismissed the remaining charges. The court found Moore's criminal history and the fact that he committed the instant offense while released on his own recognizance in a separate case as aggravating factors. As a mitigating circumstance, the trial court noted that Moore would likely respond positively to short-term imprisonment and supervision. Ultimately, the court found the aggravators and mitigators balanced, and it sentenced Moore to the advisory term of six years, with three years executed in the DOC, one year of home detention, and two years suspended to probation.

[7] Moore now appeals his sentence.

## Discussion and Decision

[8] Moore argues that the imposition of the six-year sentence is inappropriate. Specifically, Moore contends that his sentence is inappropriate because "[t]he nature of the offense and the character of [Moore] demand a lesser aggregate

sentence and a lesser executed sentence because of the mitigators the Trial Court found." Appellant's Br. at 7. We disagree.

[9] Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In conducting our review, "[w]e do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). Thus, although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. It is Moore's burden on appeal to establish that his sentence is inappropriate. *Grimes v. State*, 84 N.E.3d 635, 645 (Ind. Ct. App. 2017), *trans. denied*.

[10] When considering the nature of the offense, we observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). The advisory sentence for a Level 4 felony is six years, with a sentencing range of two to twelve years. Ind. Code § 35-50-2-5.5 Thus, Moore was ordered to serve the advisory sentence.

[11] Concerning the nature of the offense, when first stopped by officers, Moore attempted to swallow 27 grams of heroin. He was also traveling with a loaded semi-automatic handgun that he admitted was his. Moreover, he brought the drugs from Indianapolis to distribute in Morgan County, and he was carrying an amount of drugs far exceeding the statutory threshold for the offense.

[12] We acknowledge that several of these factors do not directly relate to the possession charge to which Moore pleaded guilty, however, "it is not necessary for a trial court to turn a blind eye to the facts of the incident that brought the defendant before them." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013); *see also Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007) (holding the "circumstances of the crime as well as the manner in which the crime is committed" are proper aggravating factors for a trial court to consider). Simply put, the nature of the offense does not support a finding that Moore's advisory sentence was inappropriate.

[13] Regarding Moore's character, this is his first felony conviction. However, we will not ignore the fact Moore has a prior arrest and conviction for possession of marijuana,[1] he committed the instant offense after being released on his own recognizance from that case, and he tested positive for marijuana while out on bond in the present case. Despite Moore's previous contact with the criminal

---

[1] Moore's Class B misdemeanor possession of marijuana conviction was pending at the time he was arrested for the instant offense. However, Moore had been convicted of the Class B misdemeanor by the time the trial court sentenced him here.

justice system and the police power of the State, he was not deterred from committing the instant offense. Therefore, although Moore's criminal history is not significantly aggravating, it is still a poor reflection on his character. *See Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007).

[14] We commend Moore for taking responsibility for his actions, expressing a desire to turn his life around and take care of his family, and for completing an eight-hour drug treatment program on his own. However, we cannot conclude that the trial court's decision to impose the six-year advisory sentence here is an "outlier" that should be reversed under our constitutional authority to review and revise sentences. *Caraway v. State*, 977 N.E.2d 469, 473 (Ind. Ct. App. 2012), *trans. denied.*

# Conclusion

[15] Based on the facts and circumstances before us, we conclude that Moore has not met his burden of persuading us that his six-year sentence is inappropriate in light of the nature of the offense and the character of the offender. Accordingly, we affirm.

Najam, J. and Barnes, J., concur.