## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 12 2018, 6:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Stacy Demaree, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 12, 2018 <br><br> Court of Appeals Case No. 15A04-1710-CR-2335 <br><br> Appeal from the Dearborn Superior Court <br><br> The Honorable Jonathan N. Cleary, Judge <br><br> Trial Court Cause Nos. 15D01-1610-F6-363 15D01-1611-F6-403 |

**Mathias, Judge.**

[1] Stacy Demaree ("Demaree") pleaded guilty to Level 6 felony possession of heroin in Dearborn Superior Court. She also admitted that the offense was a

probation violation. Sentencing was left to the discretion of the trial court, and Demaree received a two and one-half year sentence executed in the Department of Correction ("DOC") with one and one-half year suspended to probation. The court also revoked her 870-day, previously suspended sentence. Demaree now appeals and argues that her sentence is inappropriate in light of the nature of the offense and the character of the offender and that the trial court abused its discretion when it revoked her suspended sentence.

[2] We affirm.

## Facts and Procedural History

[3] Demaree has a tortured history of heroin addiction and abuse. In 2009, she was convicted of dealing heroin and received an eight-year sentence with six years suspended to probation. Demaree then violated her probation, and it was revoked. She was required to serve four years of her sentence. The trial court offered Demaree the opportunity to participate in the CLIFF program in the DOC, but she decided not to because, in her words, "I had been clean for two years and I thought I was okay." Tr. p. 26.

[4] In 2015, soon after her release, Demaree traveled to Cincinnati to get drugs and crossed the border into Kentucky where she did heroin in her car while her seven-month old son was in the vehicle. She was arrested in Boone County, Kentucky and received five years of reporting probation. Demaree subsequently failed a drug screen—for heroin—and an active warrant was issued for her arrest.

[5] On October 11, 2016, Demaree was at work in Dearborn County, Indiana when the Kentucky warrant was served. She had heroin on her at the time, and she was arrested. Demaree pleaded guilty to Level 6 felony possession at her initial hearing on the charge, and on October 25, she was sentenced to 910 days with 870 days suspended to probation. Four days later, Demaree was released from the DOC to the hospital to receive medical treatment for complications arising from pregnancy.[1] While in the hospital, Demaree received her personal property which included heroin in her wallet. She did the heroin, nodded out, and the nurses found her and called the police.

[6] On November 10, the State charged Demaree with Level 6 felony possession and filed to revoke her probation. On April 20, 2017, she pleaded guilty to the probation violation and the new offense. At sentencing on September 7, the trial court revoked the 870 days of her suspended sentence, and she was ordered to serve two and one-half years with one and one-half year suspended to probation and one year executed in the DOC for the new offense. The two sentences were to run concurrently.

[7] Demaree now appeals her sentence and the trial court's revocation of her probation.

---

[1] Demaree was eighteen weeks pregnant at the time. Appellant's App. Vol. 3, p. 9. And the child was subsequently born in February 2017 addicted to methadone. Tr. p. 29.

# I. Appropriateness of Sentence

[8] Demaree first argues that the one year executed sentence by the trial court for Level 6 felony possession is inappropriate. Specifically, Demaree contends that her sentence is inappropriate because she desperately needs drug treatment and not incarceration. *See* Appellant's Br. at 14–16.

[9] Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In conducting our review, "[w]e do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). Thus, although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. It is Demaree's burden on appeal to establish that her sentence is inappropriate. *Grimes v. State*, 84 N.E.3d 635, 645 (Ind. Ct. App. 2017), *trans. denied*.

[10] When considering the nature of the offense, we observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). The

advisory sentence for a Level 6 felony is one year, with a sentencing range of six months to two and one-half years. Ind. Code § 35-50-2-7(b). Thus, Demaree was ordered to serve the advisory sentence.

[11] Concerning the nature of the offense, the trial court allowed Demaree to receive medical treatment relating to her pregnancy while incarcerated. At the hospital, she was given her purse, which still contained heroin in her wallet. She proceeded to use the heroin in the hospital room at the time she was receiving medical treatment for her unborn child. The nature of the offense here does not warrant revision of Demaree's sentence.

[12] Regarding Demaree's character, she has a lengthy criminal history, she has violated probation on several occasions, and she has failed to take advantage of numerous opportunities she has been provided in effort to help get and remain sober. We acknowledge that Demaree "is a victim in the growing opiate epidemic." Appellant's Br. at 15. However, she has had opportunities for treatment, and to this point, they have unfortunately all proven unsuccessful.

[13] In 2016, she sought treatment on her own in Battlecreek, Michigan. She completed it but acknowledged that she did not benefit from it nor was she ready for it. Tr. p. 18. She was placed in WRAP House in Covington, Kentucky, but she was pregnant at the time and was medically discharged after only two days of treatment. She attempted to receive treatment at the Recovery Center in South Bend, but they did not accept her because she was not "medically stable enough." Id. at 19. Demaree was provided the opportunity to

participate in the CLIFF program in the DOC, but she decided not to because she had been clean for two years and thought she was okay. *Id.* at 25–26. She was also given the opportunity to take part in JCAP,[2] but she overslept for one of the sessions and was removed from the program. Moreover, Demaree was offered participation in both the AA and NA programs to no avail.

Demaree has been provided several opportunities to take part in treatment programs to help with her addiction. However, she continues to use heroin regularly. And most concerning, she has used it around her children and while pregnant. We hope that for her sake, and for the sake of her three children, that after her release, she will take rehabilitation seriously and "be able to reenter the world as a productive member of society." Appellant's Br. at 16. However, we cannot say that the trial court's decision to impose a one-year executed sentence here is an "outlier" that should be reversed under our constitutional authority to review and revise sentences. *Caraway v. State*, 977 N.E.2d 469, 473 (Ind. Ct. App. 2012), *trans. denied.*

## II. Probation Sentence

Demaree also argues that the trial court abused its discretion when it ordered her to serve the 870 days of her previously suspended sentence. Demaree does not deny that she violated the terms of her probation; to the contrary, she admitted to having done so. She claims only that the trial court abused its

---

[2] The JCAP program is a ninety-day in-patient treatment program offered inside the jail. Tr. p. 9.

discretion in ordering the execution of the entirety of the suspended sentence because: (1) the nature of the violation was minor; (2) she readily admitted to the violation; and (3) her medical condition warrants mitigation. Appellant's Br. at 12.[3] We disagree.

[16]    Upon a finding of a probation violation, a trial court may impose one or more of the following sanctions:

> (1)    Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2)    Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3)    Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h).

[17]    A defendant is not entitled to serve a sentence in a probation program; rather, such placement is a matter of grace and a conditional liberty that is a favor, not a right. *Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006). We review the trial court's sentencing decisions on probation violations for an abuse of discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs where the decision is clearly against the logic and effect of

---

[3] To the extent Demaree relies on our court's decision in *Johnson v. State*, 62 N.E.3d 1224 (Ind. Ct. App. 2016), as support for her argument that the trial court abused its discretion when it ordered execution of her suspended sentence, we note that the defendant in Johnson did not commit a new criminal offense, he had limited cognitive ability, and he had succeeded in alternative placement before. *Id.* at 1231.

the facts and circumstances before the court. *Id*. The trial court should be given considerable leeway in deciding how to proceed following the revocation of probation. *Id*. Consequently, so long as proper procedures have been followed, the trial court may order execution of a suspended sentence after revoking probation. *Goonen v. State*, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999); *see also* I.C. § 35-38-2-3(h).

[18] Here, Demaree committed a new criminal offense just four days after receiving a sentence with 870 days suspended to probation. And this is not Demaree's first probation violation. She has violated probation several times over the years, including four times in one case before it was ultimately revoked. Demaree argues that she "had significant physical and mental health conditions that impaired her ability to complete probation and did not warrant a complete revocation of her sentence." Appellant's Br. at 14. However, this undermines the seriousness of Demaree's offense. Moreover, she acknowledged during her sentencing hearing that she was afforded several opportunities to receive treatment for her addiction:

> [State]: Ms. Demaree it seems like you've had the benefit of a lot of treatment facilities, would you agree? I mean you've had the WRAP House. You were only there for a couple of days. You were discharged from South Bend. You couldn't make it through the -- the program for medical discharge. You were supposed to attend the one in prison but you ended up getting work release and you didn't do AA or NA after your conviction in Ripley County because

you didn't think you had a problem, and yet today this is what you're asking the Court for?

[Demaree]: Yes.

[State]: And you were also terminated from JCAP?

[Demaree]: Yes.

Tr. pp. 31–32.

[19] Instead of taking advantage of numerous opportunities, Demaree failed to undergo meaningful treatment and committed the very same act that resulted in being placed on probation in the first place—possessing and using heroin. The trial court was well within its discretion to order Demaree to serve the 870-day balance of her previously suspended sentence.

# Conclusion

[20] Based on the facts and circumstances before us, we conclude that Demaree has not met her burden of persuading us that her sentence is inappropriate in light of the nature of the offense and the character of the offender. Further, the trial court did not abuse its discretion when it ordered Demaree to serve the 870 days of her previously suspended sentence. Accordingly, we affirm.

Najam, J., and Barnes, J., concur.