## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2018, 7:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Deandre Barnum, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 30, 2018 <br><br> Court of Appeals Case No. 48A02-1707-CR-1641 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable David A. Happe, Judge <br><br> Trial Court Cause No. 48C04-1606-F1-1175 |

**Mathias, Judge.**

[1] Deandre Barnum ("Barnum") pleaded guilty to Level 3 felony aggravated battery and Level 4 felony unlawful possession of a firearm by a violent felon in

Madison Circuit Court. Sentencing was left to the discretion of the trial court, and Barnum received fourteen years executed in the Department of Correction ("DOC") for the aggravated battery and ten years for the unlawful possession of a firearm, for an aggregate sentence of twenty-four years. Barnum now appeals and argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

On June 5, 2016, Rodrico Malone solicited a date from backpage.com—"an application on Craigslist which focuses on 'dating' but also has been involved in prostitution." Appellant's App. Vol. 3, p. 23. Barnum accompanied two females, Kyle Buczek and Ashtin McGregor, to Malone's house "so that McGregor could have sex" with Malone. *Id.* After dropping McGregor off, Barnum parked his vehicle nearby and waited for her to come back out. When McGregor came back to Barnum's vehicle, she complained that Malone "had been rough with her and that he had put a gun to her head." *Id.*

Barnum was not happy, and after stopping by McGregor's home, he gave each of the two women instructions and proceeded back to Malone's. McGregor stayed in the car while Buczek went to the door to lure Malone out of the house. Buczek did as Barnum requested, and when Malone opened the door Barnum fired several shots at Malone, hitting him in the leg once.

[5] Barnum was apprehended by officers later that day, and during a pat down search officers found marijuana. Four days later Barnum was charged with Level 1 felony attempted murder, Class A misdemeanor possession of marijuana, and Class B misdemeanor possession of marijuana. On July 1, the State amended the charging information to include Level 4 felony unlawful possession of a firearm by a serious violent felon.

[6] On May 22, 2017, the State again amended the charging information, this time to include Level 3 felony aggravated battery and an enhancement for the use of a firearm in commission of the offense. A jury trial commenced on May 23, and on the second day of trial, Barnum pleaded guilty to Level 3 felony aggravated battery and Level 4 felony unlawful possession of a firearm by a serous violent felon. The State dismissed the remaining charges.

[7] On June 26, 2017, the trial court sentenced Barnum to fourteen years executed in the DOC for the aggravated battery and ten years executed for the unlawful possession for an aggregate sentence of twenty-four years.

[8] Barnum now appeals his sentence.

## Discussion and Decision

[9] Barnum argues that the imposition of the aggregate twenty-four-year sentence is inappropriate. Specifically, Barnum contends that his enhanced sentence is inappropriate because he was a "moderate risk to reoffend," and "[t]here was nothing indicated by the trial court that marked this offense as heinous." Appellant's Br. at 10. We disagree with Barnum's conclusion.

[10]     Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In conducting our review, "[w]e do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). Thus, although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. It is Barnum's burden on appeal to establish that his sentence is inappropriate. *Grimes v. State*, 84 N.E.3d 635, 645 (Ind. Ct. App. 2017), *trans. denied*.

[11]     When considering the nature of the offense, we observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). The advisory sentence for a Level 3 felony is nine years, with a sentencing range of three to sixteen years. Ind. Code § 35-50-2-5. And the advisory sentence for a Level 4 felony is six years, with a sentencing range of two to twelve years. Ind. Code § 35-50-2-5.5 Thus, Barnum was ordered to serve five years above the

advisory for the Level 3 felony and four years above the advisory for the Level 4 felony.

[12] Regarding the nature of the offense here, Barnum used a woman to lure Malone out of his home. He then fired several shots at Malone, ultimately striking him in the leg and causing serious injury. Moreover, Barnum was on drugs at the time he shot Malone, and he was on probation when he committed the offense. Although there may have been no mention by the trial court that the offense was particular heinous, *see* Appellant's Br. at 13, we find that it was.

[13] We acknowledge that some of the factors above do not directly relate to the charges Barnum pleaded guilty to, however, "it is not necessary for a trial court to turn a blind eye to the facts of the incident that brought the defendant before them." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013); *see also Anglemyer v. State*, 868 N.E.2d 482, 492 (Ind. 2007) (holding the "circumstances of the crime as well as the manner in which the crime is committed" are proper aggravating factors for a trial court to consider). Simply put, the nature of the offense does not support a finding that Barnum's enhanced sentence was inappropriate.

[14] Barnum's character also does not convince us that an enhanced sentence was inappropriate here. He is a twenty-two-year-old man with convictions for battery, intimidation, dealing in a narcotic drug, possession of a narcotic drug, carrying a handgun without a license, and possession of marijuana. And this is his second felony conviction. Further, Barnum has violated probation on

several occasions, and he has failed to go a full year without committing a new criminal offense since he turned eighteen.

[15] Despite Barnum's previous contact with the criminal justice system and the police power of the State, he was not deterred from committing the instant offense. Therefore, we cannot conclude that the trial court's decision to impose an enhanced twenty-four-year aggregate sentence here is an "outlier" that should be reversed under our constitutional authority to review and revise sentences. *Caraway v. State*, 977 N.E.2d 469, 473 (Ind. Ct. App. 2012), *trans. denied.*

## Conclusion

[16] Based on the facts and circumstances before us, we conclude that Barnum has not met his burden of persuading us that his twenty-four-year aggregate sentence is inappropriate in light of the nature of the offense and the character of the offender. Accordingly, we affirm.

Najam, J., and Barnes, J., concur.