## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 28 2018, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Stephen Miller
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marvin J. Perkins,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 28, 2018

Court of Appeals Case No.
18A-CR-754

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D04-1709-F6-1038

**Mathias, Judge.**

[1]     Marvin J. Perkins ("Perkins") pleaded guilty to Level 6 felony possession of cocaine in Allen Superior Court.[1] After Perkins tested positive for cocaine and withdrew from his placement in the Drug Court Diversion Program, the trial court imposed a two-year executed sentence. Perkins now appeals and argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2]     We affirm.

## Facts and Procedural History

[3]     On September 7, 2007, Perkins was arrested for possessing cocaine, and he was charged five days later with Level 6 felony possession of cocaine or narcotic drug. On October 10, Perkins entered into a plea agreement where he pleaded guilty as charged, the trial court took the plea under advisement, and he was placed in the Veteran Court track of Allen County's Drug Court Diversion Program (the "Program").[2] By participating in the Program, Perkins agreed to several conditions including that he would: (1) not illegally possess or use any illegal drugs throughout the term of his participation; (2) submit to random drug screens; and (3) attend all required meetings and appointments. *See* Appellant's

---

[1] Perkins also pleaded guilty under cause number 02D04-1607-CM-2633 to Class A misdemeanor unauthorized entry of a motor vehicle stemming from July 2016, and he admitted to the allegations in a petition to revoke the suspended portion of his probation under cause number 02D06-1201-FB-16. Tr. pp. 9, 13. Accordingly, the trial court sentenced Perkins under those cause numbers as well, however, only the Level 6 felony possession of cocaine is at issue in this appeal. *See* Tr. p. 58.

[2] Perkins served in the United States Marine Corps from 1977 through 1978, and he received an honorable medical discharge.

App. pp. 18–23. Perkins was provided with a case manager, and he was released to transitional housing on October 17.

[4] Perkins secured a job soon after his release, and he began receiving treatment through Veterans Affairs in the evenings. Perkins was recognized and commended by the trial court when his employment was verified, and again when it was verified that he had secured a sponsor. However, on December 27, 2017, Perkins tested positive for cocaine and metabolites of cocaine.[3] He denied the drug usage, and the trial court ordered him to write an essay on honesty in recovery and to complete thirty meetings in thirty days. The court also remanded Perkins to custody for one day in jail.

[5] On January 8, 2018, Perkins again tested positive for cocaine. He again denied that he had used any drugs. On January 22, Perkins's case manager filed a petition to terminate Perkins's participation in the Program for: (1) failing to attend required support group meetings since November 29, 2017; (2) testing positive for cocaine on January 8, 2018; and (3) failing to appear for a urine drug screen on January 16, 2018. Appellant's App. p. 33. At a compliance hearing held the same day, Perkins expressed to the trial court his desire to withdrawal from the Program. Tr. p. 48. The court accepted Perkins's withdrawal and scheduled a sentencing hearing.

---

[3] The Presentence Investigation Report indicates that Perkins tested positive for cocaine on December 13, 2017, however, December 27 is the first mention of a positive test in the transcript.

[6] At the February 22, 2018 sentencing hearing, the court found as aggravating Perkins's extensive criminal history, his failed efforts at rehabilitation, and the fact that he was on probation in one case and out on bond in another when he committed the possession offense. The court found Perkins's guilty plea as a mitigating circumstance, and it then imposed a two-year executed sentence for the Level 6 felony possession of cocaine. Perkins now appeals.

## Discussion and Decision

[7] Perkins argues that his two-year executed sentence is inappropriate because there is nothing remarkable about the nature of the offense, and his failures with a serious addiction do not merit a fully executed sentence. We disagree.

[8] Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In conducting our review, "[w]e do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008).

[9] Thus, although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leven the outliers, and identify some guiding principles for trial courts and those charged with improvement of

the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. It is Perkins's burden on appeal to establish that his sentence is inappropriate. *Grimes v. State*, 84 N.E.3d 635, 645 (Ind. Ct. App. 2017).

[10] When considering the nature of the offense, we observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). The advisory sentence for a Level 6 felony is one year, with a sentencing range of six months to two and one-half years. Ind. Code § 35-50-2-7. Therefore, Perkins was ordered to serve one year above the advisory.

[11] We agree with both Perkins and the State that there is nothing remarkable about the offense. Perkins possessed cocaine, and he admitted to it. But there is also nothing about the nature of the offense which supports a finding that Perkins's sentence was inappropriate. Rather, it is Perkins's character that demonstrates his sentence was not inappropriate. *See e.g. Felder v. State*, 870 N.E.2d 554, 559 (Ind. Ct. App. 2007) (although nothing about nature of offense warranted an enhanced sentence, the sentence was appropriate based on the defendant's character).

[12] Over a period of thirty-five years, Perkins has been convicted of nineteen misdemeanors[4] and five felonies across two states. He has one conviction for

---

[4] Although the trial court lists the number of Perkins's misdemeanors at eighteen, we include his conviction for Class A misdemeanor unauthorized entry of a motor vehicle that he pleaded guilty to, and was convicted of, at the same time as the current offense. *See* Tr. pp. 9, 58.

felony dealing cocaine and four convictions for felony possession of cocaine. Thus each of his felony convictions are of the same character as the offense here. Perkins has also had his probation revoked three times, a suspended sentence revoked once, and a work release placement revoked once. Moreover, Perkins was on probation and out on bond when he committed the possession offense at issue here. Accordingly, Perkins's extensive criminal history and numerous violations indicate that leniency in sentencing has not had a deterrent effect. *See Ford v. State*, 718 N.E.2d 1104, 1107 (Ind. 1999).

[13] Just as concerning is Perkins's failure with several opportunities for alternative placement and rehabilitation offered by the courts. The trial court explained at Perkins's sentencing hearing:

> You've been given the benefit of short jail sentences, longer jail sentences, unsupervised probation, treatment at Brown and Associates, various counseling programs, time in the Department of Correction, active adult probation, parole, the Work Release Program, and then the Drug Court Program.

Tr. p. 57. Perkins has been provided with numerous alternatives and opportunities in lieu of a fully execute sentence, however, they have all proven unsuccessful.

[14] Perkins argues that his "character trait of a willingness to continue to fight demonstrates a character which overcomes the need for an all executed sentence in excess of the advisory sentence." Appellant's Br. at 11. But while in the Program here, Perkins tested positive for cocaine four times, he failed to

attend several required support group meetings, he skipped a urine screen, and he eventually decided to voluntarily withdrawal from the Program. Thus although Perkins contends "that the appropriate sentence, based on his continuing willingness to overcome his addiction, should be something other than a totally executed sentence[,]" the record indicates he has *not* shown a willingness to fight or overcome his addiction. Moreover, the question before us is not to determine if the sentence was appropriate, but instead to ensure the imposed sentence is not inappropriate. *Conley*, 972 N.E.2d at 876.

While we commend Perkins for his military service, based on the reasons provided above, we cannot conclude that the trial court's decision to impose a two-year executed sentence is an "outlier" that should be reversed under our constitutional authority to review and revise sentences. *Caraway v. State*, 977 N.E.2d 469, 473 (Ind. Ct. App. 2012), *trans. denied.*

## Conclusion

Based on the facts and circumstances before us, Perkins has not met his burden of persuading us that his two-year executed sentence is inappropriate in light of the nature of the offense and the character of the offender. Accordingly, we affirm.

Bailey, J., and Bradford, J., concur.