## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 15 2018, 6:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew K. Porter
Feavel & Porter
Vincennes, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alex Bise,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 15, 2018<br><br>Court of Appeals Case No.<br>26A01-1711-PC-2747<br><br>Appeal from the Gibson Superior Court<br><br>The Honorable Earl G. Penrod, Judge<br><br>Trial Court Cause No.<br>26D01-1510-PC-589 |

**Mathias, Judge.**

[1] The Gibson Superior Court ordered Alex Bise ("Bise") to serve forty-three years for his Class A felony attempted murder conviction. Bise appeals his sentence and raises two issues, which we restate as:

I. Whether the trial court abused its discretion when it made a statement regarding the impact Bise's offense had on the drug court program; and

II. Whether Bise's forty-three-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] Bise, who has been convicted of numerous alcohol- and drug-related offenses, was a participant in the Gibson County Substance Abuse Treatment Court Program. Bise was residing with sixty-seven-year old Anne Myers who was assisting Bise with his completion of the program requirements.

[4] On May 2, 2014, a police officer from the Oakland City Police Department arrived at Myers's home for the purpose of serving an arrest warrant on Bise. No one answered the officer's knock at the door. But the officer entered the home because he saw Myers laying on the ground in a fetal position surrounded by a pool of blood. Bise was seated on the couch, and he was agitated, smelled of alcohol, and had blood on his clothes and hands.

[5] Myers was severely beaten, and her jaw was obviously broken. The officer saw at least four stab wounds on her arms and legs. Myers also had a black eye. Myers had been lying on the floor surrounded by her blood for thirty minutes to

an hour before the officer arrived. Myers was able to tell the officer that Bise beat her and that he stated he was going to kill her. Later, Myers told the police that Bise beat her with his fists, a cane, and a broom handle, and stabbed her with a survival knife. Myers is a diminutive woman, and she was not able to defend herself. Fearing that Myers might not make it to the hospital in time to save her life, the officer escorted the ambulance to the hospital, and the Evansville Police Department blocked intersections to clear the roadway.

[6] Bise admitted that he beat Myers. He also told the officers that he consumed alcohol and used methamphetamine prior to beating Myers. Bise later stated that he was angry with Myers and claimed that she was interested in a romantic relationship with him.

[7] Bise was charged with Class A felony attempted murder, and he pleaded guilty to the crime approximately one month after he was charged. The trial court held Bise's sentencing hearing on August 13, 2014. The trial court noted as aggravating factors Bise's extensive, although primarily drug- and alcohol-related, criminal history and the fact that he committed the crime while serving in the drug court program. The trial court also considered the extremely brutal nature of the crime and that Myers was beaten repeatedly as aggravating circumstances. In addition, the court found that Myers's age and the fact that Bise victimized the person who was supporting him and helping him through the drug court program were aggravating circumstances. Finally, the court considered the likelihood that Bise will continue to have issues with substance abuse as an aggravating factor.

[8] With regard to mitigating circumstances, the trial court considered Bise's guilty plea during the early stages of the proceedings. The court found that Bise accepted responsibility for his crime and expressed remorse. And the court gave modest mitigating weight to Bise's struggle with substance abuse and the impact it had on his offense.

[9] Finally, before pronouncing Bise's sentence, the trial court noted the impact that Bise's crime had on the community and the drug court program. However, the court expressly stated that it was "not going to sentence [Bise] based upon this particular factor." Tr. p. 63. The court then sentenced Bise to serve forty-three years in the Department of Correction. Bise now belatedly appeals his sentence.

## Discussion and Decision

[10] Bise argues that the trial court improperly considered an aggravating circumstance and claims that his forty-three-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

### I. Abuse of Discretion

[11] Sentencing decisions rest within the sound discretion of the trial court and are reviewed only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. A trial court abuses its discretion if it:

(1) fails "to enter a sentencing statement at all," (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons," (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration," or (4) considers reasons that "are improper as a matter of law." *Id*. at 490–91. The relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. *Id*. at 491.

[12] Bise argues that the trial court relied on an improper aggravating factor, i.e. the negative impact Bise's crime had on the drug court program. The trial court made a statement addressing Bise's participation in the drug court program and the negative impact his crime had on that program and the community as a whole. However, the trial court expressly stated that it was "not going to sentence [Bise] based upon this particular factor, but it was referenced by the State and I think it bears mentioning." Tr. p. 63. After making its statement, the court again stated that it was not considering the negative impact on the drug court program as an aggravating factor and the court was focused on Bise and the crime he committed. *Id.* at p. 64. We therefore conclude that Bise's argument challenging the court's statement lacks merit.

[13] Bise also claims that the trial court did not consider his remorse and guilty plea as mitigating circumstances. But the trial court expressly stated that it found Bise's guilty plea and remorse as mitigating circumstances and engaged in a thoughtful discussion of those factors. *Id.* at pp. 58–60. Bise's claim is more

appropriately framed as a challenge to the weight the trial court assigned to those mitigating factors. But the weight a trial court affords to mitigating circumstances is not subject to appellate review. *See Anglemyer*, 868 N.E.2d at 491.

[14] For all of these reasons, we conclude that the trial court did not abuse its discretion when it sentenced Bise.

## II. Inappropriate Sentence

[15] Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In conducting our review, "[w]e do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008).

[16] Thus, although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id*. at 1225. It is Bise's burden on appeal to establish that

his sentence is inappropriate. *Grimes v. State*, 84 N.E.3d 635, 645 (Ind. Ct. App. 2017), *trans. denied*.

[17] When considering the nature of the offense, we observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). On the date Bise committed his crime, the advisory sentence for a Class A felony was thirty years. *See* Ind. Code § 35-50-2-4(a). Bise's forty-three-year sentence is seven years less than the maximum fifty-year sentence he could have received. *See id*.

[18] Bise brutally and repeatedly beat Myers, a defenseless sixty-seven-year-old woman who is half his size. He beat her with his fists, a cane, and a broom handle. Bise also stabbed her repeatedly with a survival knife. There is one picture of Myers in the record, and the image is horrifying. After Bise beat Myers, she lay in a pool of her own blood for thirty minutes to an hour before a police officer fortuitously arrived at her residence. Bise did not attempt to provide any assistance to Myers. Myers received a police escort to the hospital because police officers and EMTs feared that Myers would die on the way to the hospital.

[19] Forty-five-year-old Bise has an extensive criminal record dating back to 1988. Although most of his offenses are alcohol- or substance abuse-related misdemeanors, Bise also has convictions for Class C felony assisting a criminal, Class C felony intimidation, Class A misdemeanor battery resulting in bodily injury, and Class A misdemeanor resisting law enforcement. Bise's probation

was revoked or he received an unsatisfactory discharge from probation six times. When he committed this offense, he was participating in drug court. And he committed his offense against the individual providing him assistance and a place to live as he attempted to complete the drug court program.

[20] Bise did not receive the maximum sentence because he pleaded guilty, accepted responsibility, and expressed remorse for his actions, all of which reflect positively on his character. But the brutal nature of his offense and his inability to lead a law-abiding life more than support the trial court's decision to impose a forty-three-year sentence. Considering the nature of the offense and the character of the offender, we conclude that Bise's forty-three-year sentence is not inappropriate.

## Conclusion

[21] The trial court's sentencing statement thoroughly and thoughtfully sets out its reasons for sentencing Bise to serve forty-three years in the Department of Correction. The trial court did not abuse its discretion when it sentenced Bise, and his sentence is not inappropriate in light of the nature of the offense and the character of the offender.

[22] Affirmed.

Bailey, J., and Bradford, J., concur.