## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 12 2020, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lloyd A. Corner,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 12, 2020<br><br>Court of Appeals Case No.<br>19A-CR-3049<br><br>Appeal from the Fayette Circuit Court<br><br>The Honorable Hubert Branstetter, Jr., Judge<br><br>Trial Court Cause No.<br>21C01-1808-F5-669 |

**Mathias, Judge.**

[1]     Lloyd Corner ("Corner") pleaded guilty in Fayette Circuit Court to Level 5 felony burglary and was sentenced to three and one-half years of incarceration.

Corner appeals and presents two issues, which we restate as: (1) whether the trial court abused its discretion by concluding that Corner was not a good candidate for placement in community corrections, and (2) whether Corner's sentence is inappropriate.

We affirm.

## Facts and Procedural History

Because Corner pleaded guilty, the facts underlying his conviction were not fully developed at a trial. But the record indicates that on August 5, 2018, Corner broke into a garage with the intent to steal copper cables, steel rebar, and steel clamps. Corner was seen leaving the garage by two witnesses, and stolen items were later found in his possession.

On August 27, 2018, the State charged Corner with Level 5 felony burglary and Class A misdemeanor theft. On January 8, 2019, the State filed an information alleging that Corner was an habitual offender.

The parties entered into a plea agreement on February 20, 2019. Pursuant to the agreement, Corner would plead guilty as charged in this case as well as another case in which he was charged with Level 6 felony forgery. In exchange, the State agreed to dismiss the habitual offender enhancement and not object to Corner serving his sentence on work release. However, on March 5, 2019, the local community corrections program determined that Corner was ineligible for work release because of his criminal record and his lack of success in community corrections in the past. He also had unpaid fees from his previous

stint in community corrections and indicated that he was unable to pay community corrections fees in the present case. As a result, Corner withdrew from the plea agreement.

[6] On September 6, 2019, Corner pleaded guilty to Level 5 felony burglary without the benefit of a written plea agreement. The State then dismissed the theft charge and the habitual offender enhancement. The trial court accepted Corner's plea, and a sentencing hearing was set for November 22, 2019.

[7] At the sentencing hearing, the trial court was given the presentence investigation report ("PSIR"), which detailed Corner's extensive criminal history. The trial court noted that community corrections indicated Corner was not a good candidate to serve his sentence in community corrections. It found as mitigating that Corner had accepted responsibility for his actions by pleading guilty. The trial court sentenced Corner to three and one-half years of incarceration, with credit for time served. Corner now appeals.

## I. Abuse of Discretion

[8] Corner first contends that the trial court abused its sentencing discretion. Sentencing decisions are entrusted to the sound discretion of the trial court and are reviewed on appeal only for an abuse of that discretion. *Grimes v. State*, 84 N.E.3d 635, 643 (Ind. Ct. App. 2017) (citing *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007)), *trans. denied*. Among the ways in which a trial court may abuse its discretion are: (1) failing to enter a sentencing statement at all; (2) articulating reasons in a sentencing statement that are not supported by the

record; (3) omitting reasons in a sentencing statement that are clearly supported by the record; or (4) articulating reasons that are improper as a matter of law. *Id.* at 644 (citing *Anglemyer,* 868 N.E.2d at 490–91).

[9] Corner's abuse-of-discretion argument falls within the second of these categories: he claims the trial court found that he was unable to pay community corrections fees despite evidence to the contrary. Corner specifically refers to the statements his counsel made at the sentencing hearing indicating that Corner's family was present and willing to pay any costs and fees associated with placing Corner in community corrections. Corner therefore argues that his inability to pay these fees personally "was not a reason to impose an executed sentence" because "[p]ayment of the fees had been arranged." Appellant's Br. at 10.

[10] Corner, however, points to no evidence in the record that his family was willing and able to pay his fees. It is well settled that statements of counsel are not evidence. *See Piatek v. Beale,* 999 N.E.2d 68, 69 (Ind. Ct. App. 2013) ("It is axiomatic that the arguments of counsel are not evidence."); *Kilpatrick v. State,* 746 N.E.2d 52, 59 (Ind. 2001) (holding that statements made by co-defendant's counsel were not evidence). Moreover, Corner's inability to pay fees was not the only reason the trial court declined to place him in community corrections. The trial court noted at the sentencing hearing that community corrections personnel had already determined that Corner "wasn't a good candidate." Tr. p. 12. As noted above, community corrections had reported that Corner was ineligible for work release not only because of his unpaid fees but because of his

criminal record and his lack of success in his previous placement in community corrections.

[11] Accordingly, the trial court's decision to not place Corner in community corrections was not based solely on his failure to pay prior fees and inability to pay current fees. It was based on the fact that Corner was not a good candidate for such placement. In short, the trial court did not abuse its discretion in sentencing Corner.[1]

## II.    *Appropriateness of Sentence*

[12] Corner also asks us to revise his sentence, arguing that the sentence imposed by the trial court is inappropriate. Pursuant to Indiana Appellate Rule 7(B), "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We must exercise deference to a trial court's sentencing decision, because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Rose v. State*, 36 N.E.3d 1055, 1063 (Ind. Ct. App. 2015). "Such deference should prevail unless overcome by compelling evidence

---

[1] Assuming *arguendo* that the trial court abused its discretion in this regard, such would not require us to remand for resentencing. Even when a trial court has abused its discretion in sentencing, the court on appeal need not remand for resentencing if the sentence imposed is not inappropriate. *Shelby v. State*, 986 N.E.2d 345, 370 (Ind. Ct. App. 2013), *trans. denied*; *Williams v. State*, 997 N.E.2d 1154, 1165 (Ind. Ct. App. 2013) (citing *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007)). As explained in more detail *infra*, Corner's three-and-one-half-year sentence is not inappropriate.

portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[13] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). The appropriate question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *Rose*, 36 N.E.3d at 1063.

[14] Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell*, 895 N.E.2d at 1225. Our review under Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* And it is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[15] Here, Corner was convicted of Level 5 felony burglary. A person convicted of a Level 5 felony "shall be imprisoned for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." Ind. Code § 35-50-2-6. Corner's three-and-one-half-year sentence is slightly more than the advisory sentence.

[16] Considering the nature of Corner's offense, we agree with him that there is little in the record indicating that his burglary was particularly egregious. But the extent of his criminal history alone is sufficient to justify Corner's slightly-above-the-advisory sentence. *See Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013) ("When considering the character of the offender, one relevant fact is the defendant's criminal history.").

[17] The PSIR reveals that Corner has a criminal history that started in 1989, when he was convicted of Level 2 felony aggravated burglary and Level 2 felony aggravated attempted rape in Ohio. Corner was sentenced to concurrent sentences of eight to fifteen years on these counts. In December 2007, Corner was charged with Class B felony rape and Class D felony sexual battery and alleged to be an habitual offender. He was convicted on the sexual battery count and sentenced to three years plus an additional three years on the habitual offender enhancement. In February 2014, Corner was charged with Class A misdemeanor public indecency, Class A misdemeanor possession of marijuana, and Class B misdemeanor public intoxication. He was convicted on the first two counts and sentenced to thirty days in jail; the latter count was dismissed.

[18]     In April 2015, Corner was charged with Class A misdemeanor possession of marijuana. He was convicted on this charge in February 2016 and sentenced to 180 days executed on work release. But his placement in work release was revoked on April 26, 2016, and he served the balance of his sentence in the Fayette County Jail.

[19]     In October 2016, Corner was charged with Level 6 felony possession of a legend drug, Level 6 felony unlawful possession of a syringe, and Class B misdemeanor disorderly conduct. He was convicted on the first count and sentenced to one year of incarceration. The other counts were dismissed.

[20]     In January 2018, Corner was charged with Level 6 felony failure to register as a sex offender, Level 6 felony failure of a sex offender to possess identification, and Class A misdemeanor invasion of privacy by violating a protective order. He was convicted on the second count and sentenced to six months executed. It was only shortly after being released from jail in this case that Corner committed the instant offenses. And Corner had a pending charge of forgery at the time he was sentenced in the present case.

[21]     In light of Corner's character, as evidenced by his extensive criminal history, Corner has not met his burden of proof of showing that his three-and-one-half-year sentence is inappropriate.

## Conclusion

[22]     The trial court did not abuse its discretion by determining that Corner was not a good candidate for placement in community corrections. Nor is Corner's

sentence inappropriate in light of the nature of the offense and the character of the offender. Accordingly, we affirm the judgment of the trial court.

[23] Affirmed.

Riley, J., and Tavitas, J., concur.