# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 22 2020, 10:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan K. Bolt
Gibson Law Office
Lafayette, Indiana

ATTORNEY FOR APPELLEE

Myriam Serrano
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Kevin Sweat,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 22, 2020

Court of Appeals Case No.
19A-CR-3077

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause Nos.
79D02-1803-F1-2
79D02-1811-F4-41

**Najam, Judge.**

# Statement of the Case

Kevin Sweat appeals the trial court's denial of his motion to withdraw his guilty plea and the sentence imposed by the court pursuant to his plea agreement. Sweat raises the following three issues for our review:

1. Whether the trial court abused its discretion when it denied his motion to withdraw his guilty plea.

2. Whether the trial court abused its discretion when it sentenced him.

3. Whether his sentence is inappropriate in light of the nature of the offenses and Sweat's character.

We affirm.

# Facts and Procedural History

In 2018, under two cause numbers, the State charged Sweat with thirteen felony offenses relating to his alleged molestations of his minor daughter, C.S., and another minor child, R.S. In September of 2019, Sweat entered into a plea agreement with the State. Pursuant to that agreement, Sweat agreed to plead guilty in the two cause numbers to child molesting, as a Class A felony; child molesting, as a Class C felony; sexual misconduct with a minor, as a Level 4 felony; child seduction, as a Level 5 felony; and incest, as a Class B felony. The State agreed to dismiss the remaining charges. The agreement further provided that, while the sentences in the two different cause numbers would run

consecutively, the aggregate total sentence imposed by the court "shall be forty to seventy (40-70) years." Appellant's App. Vol. 2 at 52.

[4] Prior to establishing a factual basis for his guilty plea at his ensuing change-of-plea hearing, Sweat and his attorney engaged in the following conversation:

> [Attorney]: The State (inaudible) and so (inaudible) is not going to be day for day because it's credit restricted. (Inaudible) but because (inaudible) it's a mistake on my part that I had failed to tell you (inaudible).
>
> [Sweat]: So what's that mean?
>
> [Attorney]: So, what that means, is we talked about how the A felony you'll get, you would get credit for day for day. It won't be day for day. It's gonna be at a slower rate because it's a Credit Restricted Felony because of the statute. And so, it's not gonna be the day for day, it's gonna be at a slower rate. I still think we go forward with it but—
>
> [Sweat]: Is that gonna be a longer time?
>
> [Attorney]: No, I mean the length . . . everything else will stay the same, the Plea Agreement will stay the same, it's just, you remember me talking about credit time, and you earn credit time? The time (inaudible) in which you earn credit time, in that, on that A Felony, will be slower than day for day, and not day for day. Do you understand what I'm saying?
>
> [Sweat]: I think so. It sounds like I'll get more time.
>
> [Attorney]: (Inaudible) right and so that the time with it which you earn credit time will be at a slower rate than day for day.

[Sweat]:  Okay.

[Attorney]:  Okay.  Do you still want to go forward?

[Sweat]:  Yeah.

[Attorney]:  Okay.

Tr. at 16-17.  Sweat then established a factual basis for his guilty plea.  The court found that Sweat had entered into the plea agreement knowingly, "freely[,] and voluntarily"; accepted the plea agreement; entered its judgment of conviction; and set the matter for a sentencing hearing.  *Id.* at 22-23.

More than two months later, Sweat filed a motion to withdraw his guilty plea. In that motion, he asserted in relevant part as follows:

> 5.  Immediately prior to entering the guilty plea and establishing a factual basis, [Sweat's attorney at the hearing] advised [Sweat] that credit time [for the Class A felony] would be "slower" than day for day.  [Sweat] was still not advised specifically what credit time would be earned.
>
> 6.  [Sweat] accepted the Plea Agreement because he relied on [his attorney's] representation that he could become eligible for release in ten (10) years.
>
> 7.  [Sweat's] belief that he would earn one day of credit for each day served was material to his decision to accept the Plea Agreement.  [Sweat] would not have accepted the Plea Agreement if he had been properly advised that he would be credit restricted.

Appellant's App. Vol. 2 at 54-55.

[6]     The court held a hearing on Sweat's motion to withdraw his guilty plea, after which the court denied Sweat's motion. In reaching that decision, the court stated that credit time is not "a material element in determining . . . whether a person should plead because credit time is never guaranteed" but, rather, "is really an administrative issue" with the Department of Correction. Tr. at 35-36. The court also stated that Sweat's attorney at the change-of-plea hearing corrected his initial advice to Sweat on credit time prior to Sweat agreeing that he wanted to continue to proceed with the plea agreement.

[7]     After an ensuing sentencing hearing, the court sentenced Sweat to an aggregate term of forty-seven years, with eight years suspended to probation. In determining that sentence, the court found the following aggravating and mitigating circumstances:

> The Court finds as aggravating factors: the harm, injury, loss, or damage suffered by the victims is significant and greater than the elements necessary to prove the commission of the crime[s]; the impact the crimes ha[ve] had on the families of the victims; the defendant committed the crime of violence and knowingly committed the offense in the presence or within hearing of an individual who was less than 18 years of age; the overall seriousness of the offense[s]; the defendant was in a position of care, custody, and control of the victims; the defendant's lack of empathy for his victims; the victim felt threat[en]ed to engage in the acts or that she couldn't tell anyone about the offense.

> The Court finds as mitigating factors: the defendant has no criminal history; the defendant plead[ed] guilty (diminished by

the benefit he received from the plea agreement); the defendant has strong support from family and friends; the defendant's good work history; the defendant is willing to make restitution.

The Court further finds that the aggravating factors outweigh the mitigating factors.

Appellant's App. Vol. 2 at 64-65. This appeal ensued.

# Discussion and Decision

## *Issue One: Motion to Withdraw Guilty Plea*

[8] On appeal, Sweat first asserts that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. As the Indiana Supreme Court has explained:

> Indiana Code § 35-35-1-4(b) governs motions to withdraw guilty pleas. After a defendant pleads guilty but before a sentence is imposed, a defendant may motion to withdraw a plea of guilty. *Id.* The court must allow a defendant to withdraw a guilty plea if "necessary to correct a manifest injustice." *Id.*

> By contrast, the court must deny the motion if withdrawal of the plea would "substantially prejudice[]" the State. *Id.* In all other cases, the court may grant the defendant's motion to withdraw a guilty plea "for any fair and just reason." *Id.*

> A trial court's ruling on a motion to withdraw a guilty plea "arrives in this Court with a presumption in favor of the ruling." *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995). We will reverse the trial court only for an abuse of discretion. *Id.* In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements

made by the defendant at his guilty plea hearing to decide
whether his plea was offered "freely and knowingly." *Id.*

*Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001) (footnotes omitted; alteration
original to *Brightman*).

[9] Sweat asserts that he did not enter into his guilty plea knowingly because he was unaware of the precise contours of the credit time, if any, he might accrue against his sentence. The record from the change-of-plea hearing makes clear that Sweat's counsel at that hearing had initially misinformed Sweat regarding credit time, telling Sweat that he would earn day-for-day credit against his sentence. However, prior to proceeding with the plea agreement, this mistake was corrected—Sweat's counsel informed Sweat that he would not earn day-for-day credit but would instead earn credit time at a "slower" rate as a credit-restricted felon. Tr. at 16-17. Sweat acknowledged that he understood that he would have to actually serve "more time" as a result of his attorney's clarification on credit time. *Id.* Nonetheless, when asked if he still wanted to proceed on the plea agreement with the corrected understanding on credit time, Sweat stated that he did.

[10] We are not persuaded that, had Sweat known the precise credit restriction, i.e., six days served for one day of credit,[1] that that would have mattered to his

---

[1] As relevant to the Class A felony conviction on which Sweat's status as a credit-restricted felon is based, "[a] person who is a credit restricted felon and who is imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class IV," and a person assigned to Class IV "earns one (1) day of credit

decision to plead guilty. Sweat pleaded guilty knowing that his credit time was going to be some measure slower than one-for-one, and he was not so concerned about the precise rate of accrual that he wanted to inquire further before continuing with his plea agreement. Indeed, as the trial court noted when it denied Sweat's motion to withdraw his guilty plea, there is no guarantee that any credit time will actually accrue against a defendant's sentence once he begins his incarceration. In other words, Sweat received the full benefit of his bargain. Accordingly, we cannot say that the trial court abused its discretion when it denied Sweat's motion to withdraw his guilty plea.

### Issue Two: Whether the Trial Court Abused its Discretion in Sentencing Sweat

[11] Sweat next asserts that the trial court found and considered improper aggravators when it sentenced him. Sentencing decisions lie within the sound discretion of the trial court. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*.

[12] A trial court abuses its discretion in sentencing if it does any of the following:

---

time for every six (6) days the person is imprisoned for a crime or confined awaiting trial or sentencing." I.C. §§ 35-50-6-3(d), -4(b) (Version a 2013)

(1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id.* (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind.), *clarified on reh'g on other grounds*, 875 N.E.2d 218 (Ind. 2007)).

[13] According to Sweat, the trial court first abused its discretion when it found Sweat's "lack of empathy" to be an aggravator. Appellant's Br. at 14. Sweat asserts that he demonstrated proper remorse at the sentencing hearing. But we conclude that Sweat's argument on this factor is merely a request for this court to reweigh the evidence and reassess his credibility, which we will not do.

[14] Sweat next asserts that the court erred when it found that one of the offenses was committed in the presence of another minor and that one of the victims felt threatened during the commission of one or more of the offenses. But those findings are readily supported by the State's exhibits at sentencing, namely, the police reports from the two victims. The trial court was not required "to turn a blind eye to the facts" that brought Sweat before it as demonstrated by those exhibits. *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013).

[15] Last, Sweat asserts that the trial court erred when it found his position of trust over C.S. to be an aggravating factor because his status as her father was a necessary element to his conviction for incest. But Sweat is not correct. His

position of trust was not a biological condition, and we have rejected this argument before. *See Grimes v. State*, 84 N.E.3d 635, 644 (Ind. Ct. App. 2017), *trans. denied*. The trial court did not abuse its discretion when it sentenced Sweat.

### *Issue Three: Indiana Appellate Rule 7(B)*

[16] Sweat's final argument on appeal is that his forty-seven-year sentence, with eight years suspended to probation, for five felony convictions relating to child molesting is inappropriate in light of the nature of the offenses and his character. But Sweat's argument on this issue is premised on his belief that the sentence imposed is erroneous "in light of the improper aggravators" he identified in Issue Two. Appellant's Br. at 17. As he summarizes his one-paragraph argument on this issue, "[h]ad the court not found and considered multiple improper aggravators with significant weight," Sweat may have received a different sentence. *Id.* at 18.

[17] An argument under Indiana Appellate Rule 7(B) requires the appellant to show that the sentence imposed is inappropriate in light of the nature of offenses and his character. *E.g.*, *Sorenson v. State*, 133 N.E.3d 717, 729 (Ind. Ct. App. 2019), *trans. denied*. Sweat makes no such argument under Appellate Rule 7(B). Accordingly, his argument on this issue is waived. *See* Ind. Appellate Rule 46(A)(8)(a).

[18] Moreover, as we reject Sweat's assertion that the trial court found improper aggravators, as explained in Issue Two, we reject his argument that his sentence

is inappropriate in light of those aggravators. And Sweat's remaining assertions on this issue are not sufficient to carry his burden of demonstrating appellate relief under Appellate Rule 7(B). Sweat pleaded guilty to five felonies relating to the molestation of his daughter and another minor, established a clear factual basis for those offenses, agreed to be sentenced within a range of forty to seventy years, and actually received a sentence of forty-seven years with eight years suspended. We affirm his sentence.

[19] Affirmed.

Kirsch, J., and Brown, J., concur.